IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JED STEWART LINEBERRY | § | |
| v. | § | CIVIL ACTION NO. 5:08cv72 |
| UNITED STATES OF AMERICA, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jed Stewart Lineberry, proceeding *pro se*, filed this lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are the United States of America, the Federal Bureau of Prisons, and Bureau of Prisons Director Harley Lappin.

Lineberry devotes much of his complaint to the conditions of confinement in the federal prison in Seagoville, Texas, which is located within the Northern District of Texas, where he was confined prior to his transfer to the prison in Texarkana. He also raises ten separate complaints concerning the prison in Texarkana.

The Defendants have been ordered to answer and have filed a motion to dismiss, for summary judgment, and for change of venue. This motion argues that Lineberry failed to exhaust his administrative remedies on any of his claims arising in Texarkana, that Lineberry has failed to state a claim upon which relief may be granted, the claims against Lappin should be dismissed for lack of subject matter jurisdiction and failure to state a claim, and the claims arising in Seagoville should be transferred to the Northern District of Texas. Lineberry filed a response to this motion.

1

After review of the pleadings, the Magistrate Judge issued a Report on February 3, 2009, recommending that the motion to dismiss be granted and that all of Lineberry's claims be dismissed with prejudice except for his claims concerning overcrowding, improper medical or dental care, exposure to asbestos, and any claims arising at the federal prison in Seagoville. The Magistrate Judge recommended that these claims be dismissed without prejudice. Finally, the Magistrate Judge recommended that Lineberry's claims concerning the lack of screening for gang members and illegal aliens, threats concerning the filing of grievances, inability to take a drug class and get a year off of his sentence, excessive prices at the prison commissary, being required to work for inadequate pay, and lack of due process in disciplinary hearings be dismissed as frivolous.

In making these recommendations, the Magistrate Judge observed that: the Defendants' contention that Lineberry had failed to exhaust his administrative remedies through the Bureau of Prisons' grievance process could not be sustained in the face of Lineberry's allegation that he had been repeatedly prevented from doing so by prison officials; personal jurisdiction over the sole named individual Defendant, Harley Lappin, was lacking; Lineberry's claims against Lappin which were based on the doctrine of *respondeat superior* were without merit; the Bureau of Prisons had not waived its sovereign immunity and so Lineberry could not sustain a claim against the Bureau; and Lineberry could not sustain a claim under the Federal Tort Claims Act against the United States because he had not exhausted his administrative remedies under the FTCA and did not even allege that he had attempted to do so.[1]

Lineberry filed objections to the Magistrate Judge's Report on February 18, 2009. In his objections, Lineberry first complains of the reference of the case to the Magistrate Judge, saying that 28 U.S.C. §636(c) prohibits reference of cases to the Magistrate Judge for trial without the consent

---

[1] As the Magistrate Judge's Report makes clear, there are two different administrative remedies; an administrative tort claim, which is a pre-requisite to suit under the Federal Tort Claims Act, and a grievance procedure, which is a pre-requisite to a civil rights lawsuit. Lineberry stated that he had sought to file grievances but had been prevented from doing so, but did not allege that he had ever sought to file an administrative tort claim.

of the parties. However, Lineberry overlooks the fact that the case was not referred to the Magistrate Judge for trial under Section 636(c), but only for preliminary proceedings under Section 636(b)(1) and (3). Such a reference does not require the consent of the parties. Hickey v. Irving Independent School District, 976 F.2d 980, 984 n.14 (5th Cir. 1992). This contention is without merit.

Lineberry commends the Magistrate Judge for taking "a great deal of time and research within her Report and Recommendation," noting that "because of the time she has taken to actual [sic] read the complaint, Lineberry will not object to some of the issues she has recommended."

Lineberry states that he has no objections to the Magistrate Judge's proposed findings concerning exhaustion of administrative remedies. With regard to the issue of personal jurisdiction, however, Lineberry says that the Magistrate Judge was in error. He argues that Lappin should be liable in his individual capacity because his actions are not official policies and that the policies which were made "are not within his official duty" and were outside of the Constitution. Thus, Lineberry argues that Lappin "has lost the protection provided through his official capacity," but says that Lappin nonetheless had sufficient minimum contacts with Texarkana through his official capacity so as to give the Court personal jurisdiction over him.

This contention is without merit. The Magistrate Judge correctly concluded that any actions taken by Lappin were done in his official capacity, which does not suffice to establish minimum contacts for purposes of an individual-capacity lawsuit against him. Although Lineberry appears to contend that Lappin was not acting in his official capacity, this is not entirely clear; in any event, the Magistrate Judge properly determined that any claims which Lineberry raised against Lappin in his official capacity were without merit because Lineberry did not show an affirmative link between an alleged constitutional deprivation and the adoption of a plan or policy by supervisors showing their authorization or approval of the misconduct.

Lineberry argues that the fact that the institution is overcrowded is itself a constitutional violation. However, as the Magistrate Judge stated, overcrowding is not itself a constitutional violation. Rhodes v. Chapman, 452 U.S. 337 (1981). Lineberry seeks to distinguish Rhodes by

3

saying that in that case, the prisoners had "huge cells," areas for card playing, indoor recreation, and TV rooms, while Texarkana has none of these.[2] The Fifth Circuit has specifically cited <u>Rhodes</u> in holding that "overcrowding of persons in custody is not *per se* unconstitutional." <u>Collins v. Ainsworth</u>, 382 F.3d 529, 539 (5th Cir. 2004). Lineberry's contention on this point is without merit.

Lineberry next embarks on an extended discussion of how higher-security institutions are less overcrowded and thus represent a "benefit" given to more violent criminals, prisons are "nothing but sweatshops for the rich to get richer," inhumane conditions cause prisoners to develop hatred and teach them to lose respect for the justice system. He says that "if God Himself testified for a *pro se* litigant, the court would rubber-stamp the denial" and that the Fifth Circuit has "hired low level law clerks, forcing them to deny all pro se petitions, and federal judges signing off on them knowing that what he/she is doing is illegal." He says that the courts are "out of control" and that if the Supreme Court makes a ruling to benefit defendants, the lower courts will ignore it. Lineberry's opinions in this regard offer no basis to reject the Report of the Magistrate Judge.

Returning to his earlier theme, Lineberry says that it is "hypocrisy" to acknowledge that the prison is overcrowded, as the Magistrate Judge did, but then say that it does not support any constitutional violation, particularly in light of news stories saying that the federal government is again trying to force a state to release inmates because of overcrowding. As the Fifth Circuit has explained, however, overcrowding is not a constitutional violation *per se*. Lineberry's objections on this ground are without merit.

Lineberry argues that no current member of a gang or any illegal alien should be housed in the same prison as non-gang members or American citizens. He says that the gangs are "nothing but constant trouble" and that there are no proper means for doing background checks on illegal aliens.

---

[2] In fact, the Supreme Court's opinion in <u>Rhodes</u> indicates that the cells were 63 square feet and that while the majority of inmates did have substantial out-of-cell time, a substantial minority, about 25 percent, did not. <u>Rhodes</u>, 452 U.S. at 341.

The Magistrate Judge properly rejected this claim as a valid basis for relief, and Lineberry's objections are without merit.

Lineberry argued in his complaint that there was an equal protection violation in the fact that he could not take a drug treatment class and thereby get a year off of his sentence, because he did not use illegal drugs. He says that the "real reason" that this class is offered is that for each inmate who takes the class, the prison receives $26,000.00; however, even were this assertion accurate, it would wholly fail to support Lineberry's claim. Were money the sole motivating factor, the prison officials would obviously seek to enroll all inmates, including Lineberry, in the class. As the Magistrate Judge determined, the reason why Lineberry cannot take the class is because his current offense involves the carrying, use, or possession of a firearm, and thus is statutorily ineligible under 28 C.F.R. §550.58. He has failed to show an equal protection violation and so his claim on this point is without merit.

Next, Lineberry acknowledges that the Magistrate Judge's recommendation concerning the dismissal of his claim regarding excessive prices at the commissary was correct. Concerning his claim that he is being made to work for inadequate pay, he says that he is not complaining about the pay, but about being subjected to forced servitude. As the Magistrate Judge explained, inmates sentenced to incarceration cannot state a claim under the Thirteenth Amendment if they are required to work. Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001). Lineberry's objections on this point are without merit.

Lineberry next says that his claims of denial of adequate medical care are not vague, but are "clearly drafted in the complaint." A review of the complaint shows this not to be the case. The Magistrate Judge properly recommended that these claims be dismissed without prejudice to allow Lineberry to refile them in the event that he can state specific facts in support thereof. Similarly, Lineberry acknowledges that he has not specifically alleged any harm from exposure to asbestos but says that he is not required to do so, and that exposure to a dangerous substance is itself an Eighth Amendment violation.

Turning to his challenge to the disciplinary procedures, Lineberry concedes that he has not received any disciplinary action at Texarkana, but says that he is challenging the procedures themselves, insofar as these procedures provide that inmates cannot confront or cross-examine witnesses and that non-attorneys serve as hearing officers. As the Magistrate Judge stated, the Supreme Court has held that inmates have no right of confrontation or cross-examination in such hearings, nor is there any requirement that hearing officers be licensed attorneys. Lineberry's objection in this regard are without merit.

Finally, Lineberry says that the claims arising in Seagoville should be transferred to the U.S. District Court for the Northern District of Texas. The Magistrate Judge noted that Lineberry currently has a lawsuit pending in the Northern District of Texas challenging the conditions at Seagoville, and that transfer of this case to that Court would result in duplicative litigation. The Magistrate Judge thus recommended that the claims against the prison in Seagoville, brought in Lineberry's present lawsuit in the Eastern District of Texas, be dismissed without prejudice to Lineberry's right to pursue these claims in the Northern District of Texas, either in his pending lawsuit or in a later one which he may choose to file. Lineberry's objections in this regard are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion to dismiss and for summary judgment (docket no. 23) is hereby GRANTED and that the Plaintiff's lawsuit is hereby DISMISSED with prejudice as to all claims raised in this lawsuit *except for* the claims concerning: (1) overcrowding, (2) allegedly improper medical or dental care, (3) exposure to asbestos, and (4) any claims arising in the Federal

Correctional Institution at Seagoville, Texas. All of these listed claims are hereby DISMISSED without prejudice. It is further

ORDERED that the dismissal of the Plaintiff's claims concerning the lack of "screening" for gang members and illegal aliens, threats concerning the filing of grievances, inability to take the drug class, excessive prices at the commissary, being required to work and receiving inadequate pay for such work, and the alleged lack of due process in disciplinary proceedings includes a dismissal of these claims as frivolous. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 27th day of February, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE